IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATHEW M. LAKOTA, | No. C-07-4575 MMC |
| Plaintiff, | **ORDER DISMISSING COMPLAINT; DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| CHIEF JUSTICE RONALD M. GEORGE, | |
| Defendant / | |

Before the Court is plaintiff's application to proceed in forma pauperis and his complaint, both of which were filed September 4, 2007.

Pursuant to 28 U.S.C. § 1915(e), where a plaintiff seeks to proceed in forma pauperis, the district court must dismiss the complaint if the court determines that the complaint is frivolous or malicious, or that the plaintiff has failed to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

Here, plaintiff's complaint falls within the category of pleadings identified in § 1915(e)(2)(B)(i) and (ii). Plaintiff alleges that the Superior Court of California, County of Butte, has issued an order declaring plaintiff to be a vexatious litigant, and that said state court denied plaintiff's petition to rescind the vexatious litigant order. (See Compl. ¶¶ 9, 23.) Plaintiff also alleges the California Court of Appeal denied his petition for a writ of mandamus with respect to the state court's decision denying his petition to rescind the

vexatious litigant order.  (See Compl. ¶ 24.)  Plaintiff further alleges that § 391(b)(1) of the California Code of Civil Procedure is unconstitutional,[1] and that he is entitled to a declaration to such effect and to an injunction directing the Judicial Council of California to remove plaintiff's name from a list of vexatious litigants.

A district court "may not adjudicate claims that are 'inextricably intertwined' with the merits of a judgment rendered in a state court proceeding," see G.C. and K.B. Investments, Inc. v. Wilson, 326 F. 3d 1096, 1103 (9th Cir. 2003), even if the claims present "federal constitutional issues," see Doe & Assocs. Law Offices v. Napolitano, 252 F. 3d 1026, 1030 (9th Cir. 2001).  Here, plaintiff's claim that § 391(b)(1) is unconstitutional is inextricably intertwined with the state court's decision declaring plaintiff to be a vexatious litigant, as well as the state court's order denying plaintiff's petition to rescind said order; the Court could not find in favor of plaintiff on his constitutional claims without holding that the state court's decisions were improper.  See id. at 1027, 1030 (holding federal district court lacked jurisdiction to consider claim challenging "correctness under federal law of the state court's order" because "district court could not have found in favor of [plaintiff] without holding that the state court had erred").

Accordingly, the instant complaint is hereby DISMISSED, pursuant to 28 U.S.C. § 1915(e)(2)(B), and plaintiff's application to proceed in forma pauperis is hereby DENIED as moot.

**IT IS SO ORDERED.**

Dated:  September 14, 2007

MAXINE M. CHESNEY
United States District Judge

---

[1] Section 391(b)(1) defines "vexatious litigant" as a person who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing."